# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

JOE GLENN MANLEY,                        )
                                         )
         Plaintiff,                      )
                                         )
VS.                                      )            No. 20-2646-JDT-cgc
                                         )
BOBBY RILES, ET AL.,                     )
                                         )
         Defendants.                     )

---

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a),
DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND

---

On August 21, 2020, Plaintiff Joe Glenn Manley, who is incarcerated at the Fayette County Justice Complex (FCJC) in Somerville, Tennessee, filed a *pro se* civil complaint.  However, Plaintiff neglected to either pay the $400 civil filing fee required by 28 U.S.C. §§ 1914(a)-(b) or submit a proper application to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).  Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments.  § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account

statement for the six months immediately preceding the filing of the complaint.   § 1915(a)(2).
Plaintiff will be required to provide the Court with the proper financial documentation.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any
portion thereof, if the complaint—

(1)     is frivolous, malicious, or fails to state a claim upon which relief may be
granted; or

(2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be
granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662,
677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.
*Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-
pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest
an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*,
556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal
conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a
complaint need only contain "a short and plain statement of the claim showing that the pleader is
entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make
a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555
n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted
by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting
*Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt
from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594

2

(6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011)

(affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements"

and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'"

(quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

> Manley filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights

secured by the "Constitution and laws" of the United States (2) committed by a defendant acting

under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

> In this case, Manley alleges the Defendants retaliated against him:

> I feel I have been discriminated against by FCJC employ[ee]s due to my past criminal-history and the orders of Sheriff Bobby Riles after complaints about my denial of proper medical-treatment!  The Sheriff and named staff has "retaliated" or assisted in "retaliation" against myself and violating several of my US Constitutional rights as a prisoner in this facility!  This has [occurred] over the period of my incarceration of 12/02/18 and still going on as of today!  It's a chain of command result!

(ECF No. 1 at 2.)  He asks to be placed in another facility and for the Defendants to be punished

even if it means losing their jobs; Manley also seeks $250,000 in damages.  (*Id.* at 3.)

> Plaintiff's retaliation claim arises under the First Amendment.  *See Harbin-Bey v. Rutter*,

420 F.3d 571, 579 (6th Cir. 2005) ("Retaliation on the basis of a prisoner's exercise of his First

Amendment rights violates the Constitution.").  A claim of retaliation has three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements

one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "[T]he plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Manley does not sufficiently allege the elements of a retaliation claim. With regard to his complaints concerning medical treatment at the FCJC, he does not state the substance of any pertinent grievances or requests and does not describe any specific responses by the named Defendants.[1] Nor does he allege any actual adverse actions the named Defendants took against him or explain why those actions were motivated by his grievances and requests for treatment.

In addition, at least some of Manley's claims are barred by the applicable statute of limitations. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

Manley alleges the Defendants' retaliation has been occurring "over the period of my incarceration of 12/02/18" and is ongoing. Yet, assuming the complaint was mailed by Manley

---

[1] Manley indicates he filed at least one grievance "via kios[k] machine" and also verbally asked "why was I housed and treated this way." (ECF No. 1 at 2.) As to any responses to those requests, he states only that there were "ludicrous remarks from officers over grievance questions" and that his grievance was avoided. (*Id.*)

from the FCJC, it can be deemed filed no earlier than August 20, 2020, the date of the postmark on the envelope.[2]  (ECF No. 1-1; *see Houston v. Lack*, 487 U.S. 266 (1988) (documents filed by prisoners are deemed filed when they are placed in the prison mail system).)  Thus, any claims arising from the Defendants' actions occurring before August 20, 2019, are barred on their face.

For these reasons, Manley's complaint fails to state a claim on which relief may be granted and is subject to dismissal.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").  Leave to amend is not required where a deficiency cannot be cured.  *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").  In this case, the Court concludes that Manley should be given the opportunity to amend his complaint.

Accordingly, Manley's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend, however, is GRANTED.

Manley is ORDERED to submit, within 21 days after the date of this order, **on or before September 17, 2020**, a properly completed and signed prisoner *in forma pauperis* affidavit and a

---

[2] The complaint was mailed on August 20th notwithstanding that it was signed by Manley on May 6, 2019.  (*See* ECF No. 1 at 3.)

5

copy of his inmate trust account statement for the last six months.  If he fails to comply within the time specified, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee[3] from his trust account without regard to the PLRA's installment procedures, and dismiss this case without further notice.

In addition, Manley may file an amended complaint, also within 21 days, **on or before September 17, 2020**.  Manley is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to any prior pleadings.  The text of the amended complaint must allege sufficient facts to support each claim without reference to any other document.  The amended complaint must identify each defendant Manley intends to sue, set forth the specific causes of action that are asserted against each defendant, allege sufficient facts to support those claims, and state the relief sought.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  If Manley does not file an amended complaint within the time specified, the Court will dismiss this case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

The Clerk shall provide Manley with a copy of the prisoner *in forma pauperis* affidavit form and another copy of the § 1983 complaint form along with this order.

IT IS SO ORDERED.

 s/ **James D. Todd**

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] The civil filing fee is $350.  *See* 28 U.S.C. § 1914(a).  The Schedule of Fees set out following the statute also requires the Court to collect an administrative fee of $50 for filing  any civil case.  That additional $50 fee will not apply if Manley is granted leave to proceed *in forma pauperis*.